Battle, J".
 

 The first and main exception to the bill of costs, for which the execution issued, is, that the exhibits referred to in the bill, and prayed to be made a part thereof, ought to have been filed in the office of the clerk and master, and not made a part of the copy of the bill, which the law requires to be served upon the defendant, or on each defendant, if there be more than one; see Revised Code, ch. 32, sec. 3, Rule 2. It is true that exhibits are not properly any part of the bill, and ought not to be so made. They are only proofs in the cause, and ought only to be referred to, and prayed to be filed as such; 1 Dan. Ch. Pr. 420. But if the plaintiff
 
 *131
 
 choose to make them a part of his bill, as was done in the present case, (and as we are sorry to see is to generally the practice,) we do not perceive any ground upon which he can object to paying for copies of them, whenever he may for any canse, be ordered to pay the costs. This exception is, therefore, overruled; and with it the third exception is disposed of.
 

 The second exception is, that the clerk and master has no right to charge by the copy-sheet for copies of the bill which he issued to be served on the defendant or defendants. The counsel for the plaintiffs contend that the only fee to which the clerk and master is entitled under the 26th section of the 102 chapter of the Revised Code, is “for process one dollar,” but in this, we think he is mistaken. The copies of the bill which are sent out to be served with a writ or subpoena, have always been considered as “proceedings” for which, by the same section, the charge is twenty cents by the copy-sheet.— The fourth exception is sustained as to the charge for the seal to the writ of
 
 fi&rifacias
 
 issued to the sheriff of the county in which the clerk and master resided. The 120th section of the 31st chapter of the Revised Code expressly declares that “ where the clerk of the superior or county court issues precepts, or process to the county of which he is' clerk, he shall not annex the seal of the Court thereto, and the 32d ch. sec. 4, authorises executions to be issued from a court of Equity in the same manner, as executions at law.
 

 The fifth exception must be overruled, because, after the amendment of the bill, the service of the copy of it on the President of the Rail Road Company was necessary for the purpose of making the corporation a party.
 

 The sixth and last exception is overruled in part, and sustained as to the residue of it. A seal is not necessary, as we have already said, to any process -within the county, and there ought to have been but one subpoena more than the number of the defendants. All the subpoenas which are to be served on the defendants, and left with them, will be copies of the one which the officer retains, and upon which he is to make his return*
 

 
 *132
 
 The decretal order must he reversed in the particulars mentioned above, and affirmed as to the residue. As the j ndgment has been, in part reversed, the appellee must pay the costs of this Court.
 

 Pee Cujbiam, Decretal order reversed in part.